# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CONNIE YUAN, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-01355-DII |
| Plaintiff, | |
| v. | |
| HOMETRUST MORTGAGE CO., | |
| Defendant. | |

### STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT

This Stipulation and Agreement of Settlement, as of the date of execution below (the "Settlement Agreement," "Settlement," "Agreement," or "Stipulation"), is made and entered into by and among the following settling parties ("Parties"): (i) Connie Yuan ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class (defined below); and (ii) Hometrust Mortgage Company ("Hometrust" or "Defendant"), and subject to preliminary and final Court approval as required by Fed. R. Civ. P. 23. In consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final approval order and judgment, all claims of Plaintiff and the Settlement Class against Hometrust in the Action shall be settled and compromised upon the terms and conditions contained herein. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all of Plaintiff's Released Claims (defined below), upon and subject to the terms and conditions hereof.

**RECITALS**

WHEREAS, Plaintiff asserts that Hometrust had its IT system breached in an Incident that resulted in an unauthorized third party accessing the names, addresses, dates of birth, Social Security and other information of persons who were the current, former and potential customers of Hometrust in July, 2022;

1

WHEREAS, on December 22, 2022, Plaintiff Connie Yuan filed a Class Action Complaint against the Defendant in Western District of Texas, Case No. 22-cv-01355 (the "Action"), alleging claims for damages and equitable relief based on theories of negligence, breach of an implied contract, breach of fiduciary duty, invasion of privacy, and unjust enrichment;

WHEREAS, the Parties agreed to mediate a resolution to the dispute prior to Hometrust filing a responsive pleading to the Class Action Complaint;

WHEREAS, on April 11, 2023, the Parties attended an arm's-length mediation supervised by John DeGroote;

WHEREAS, throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement;

WHEREAS, Settlement Class Counsel have obtained sufficient discovery, have fully investigated the facts and law relevant to the subject matter of the Action, and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens, and costs of further prosecution of the Action, and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, and for the purpose of putting to rest all controversies with the Defendant that were alleged in the Action, that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class;

WHEREAS, Hometrust denies all material allegations of the Complaint including all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including any claim that it is liable in any way for the criminal third-party attacks. Nevertheless, Hometrust has agreed to enter into this Agreement to reduce and avoid the additional expense, burden, inconvenience, and uncertainty of continuing to litigate the Action, and without any admission of liability or wrongdoing, desires to enter into this Agreement; and

WHEREAS, the Parties now agree to settle the Action in its entirety, without any admission of liability by Hometrust, with respect to all Released Claims (defined below) of the Settlement Class. The Parties intend this Agreement to bind Plaintiff, Hometrust, and all members of the Settlement Class who do not timely and properly exclude themselves from the Settlement.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

## I.    DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.1    "Action" means *Yuan v. Hometrust*, Civil Action No. 22-cv-01355, including the claims filed by Plaintiff Yuan, in the United States District Court for the Western District of Texas.

1.2    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and administering and carrying out the terms of the Settlement.

1.3    "Attested Time" means time spent remedying issues related to the Data Security Incident.

1.4    "Attorneys' Fees and Expense Award" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action.

1.5    "Claimant" means a Settlement Class Member who submits a Claim.

1.6    "Claims Period" means the period for submitting Claims ending sixty days after the Notice Date.

1.7    "Court" refers to the United States District Court for the Western District of Texas.

1.8    "Incident" or "Data Security Incident" means the access, as the result of a cyberattack, by an unauthorized third party to certain computer systems of Hometrust containing personal information stored by Hometrust that occurred in 2022.

3

1.9     "Economic Losses" means unreimbursed out-of-pocket costs fairly traceable to the Data Breach and not attributable to bodily injury, bodily harm, or mental suffering as a result of the Data Breach.

1.10    "Economic Loss Claim" means a Claim for Economic Losses.

1.11    "Effective Date" means the date on which the Judgment entered pursuant to this Settlement Agreement becomes Final.

1.12    "Election Deadline" means the last day for Settlement Class Members to submit any claim form.

1.13    "Execution Date" means the last date on which all parties have executed this Agreement.

1.14    "Fee Application" means any application by Settlement Class Counsel for an award of attorneys' fees and reimbursements of expenses, as set forth in Section 10.

1.15    "Final" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reargument, motion for rehearing, petition for writ of certiorari, or other writ has been filed, the time has expired to file such an appeal, motion for reargument, motion for rehearing, petition for writ of certiorari, or other writ; or (2) if an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari, or other writ has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, petition, or writ has been denied or dismissed with no further right of review. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final.

1.16    "Final Approval Order" and "Judgment" means the order and judgment finally approving the terms of this Agreement. If the Court enters separate orders addressing the matters constituting final approval, then "Final Approval Order" includes all such orders.

1.17    "Maximum Amount Payable" means the maximum amount payable to the Settlement Class for all costs and payments associated with the settlement is $700,000.

1.18    "Notice" means the notices of proposed class action settlement that the Parties will

4

ask the Court to approve in connection with preliminary approval of the Settlement.

1.19    "Notice Date" means the deadline to disseminate Notice to the Settlement Class, which is 30 days after the Court issues the preliminary approval order.

1.20    "Notice Program" means the methods for providing Notice of this Settlement to the Settlement Class Members, including (1) a summary form of notice sent by U.S. Mailing address, or where a U.S. Mailing address is not available, by e-mail address, if known, ("Summary Notice") to each Settlement Class Member, and (2) by posting a long-form notice on the Settlement Website ("Long-Form Notice"). The forms of Notice shall be substantially in the forms attached as Exhibits A-B to this Agreement and approved by the Court. The Notice Program shall be effectuated in substantially the manner provided in Section 7.

1.21    "Objection Period" means the period during which a Settlement Class Member may file an objection to the Settlement, which period shall expire forty-five (45) days following the Notice Date, subject to Court approval. The deadline for filing an objection to the Settlement or the Fee Application shall be set forth clearly in the Notice.

1.22    "Opt-Out Period" means the period during which a Settlement Class Member may file a request to be excluded from the Settlement Class, which period shall expire forty-five (45) days following the Notice Date, subject to Court approval. The deadline for filing a request for exclusion shall be set forth clearly in the Notice.

1.23    "Preliminary Approval" means an order, providing for, among other things, preliminary approval of the Settlement;

1.24    "Released Claims" means any and all claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims,

5

including, but not limited to, pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that any Settlement Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons based on, relating to, concerning, or arising out of the Incident (including but not limited to the theft or compromise of Personal Information) or the allegations, facts, or circumstances described in the Action.

Settlement Class Members, including the Representative Plaintiff, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiff expressly has, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Agreement of which the Release set forth in Section 9 below is a part. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in the Settlement Agreement and shall not include the claims of Class Members who have timely excluded themselves from the Settlement Class.

1.25    "Released Persons" means Hometrust and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the data breach.

1.26    "Releases" means all of the releases specified in Section 9.

1.27   "Releasing Parties" means Plaintiff and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

1.28   "Service Award" means payment, subject to Court approval and not to exceed $5,000 each, to compensate the Settlement Class Representative for efforts in the Action on behalf of the Settlement Class. The Defendant does not take any position with respect to this request.

1.29   "Settlement" means the settlement of the Action, between and among the Plaintiff, individually and on behalf of the Settlement Class, and Hometrust, as set forth and reflected in this Agreement.

1.30   "Settlement Administrator" means, subject to approval by the Court, Kroll, a nationally recognized and experienced class-action claims administrator.

1.31   "Settlement Class" means all persons whose personal information was potentially exposed to unauthorized access as a result of an Incident affecting Defendant's computer network that occurred in 2022.

1.32   "Settlement Class Members" means members of the Settlement Class who did not opt out of the Settlement.

1.33   "Settlement Class Counsel" or "Class Counsel" refers to Meyer Wilson Co., LPA, Kendall Law Group., and Turke & Strauss LLP.

1.34   "Settlement Class Representative" or "Plaintiff" refers to Connie Yuan.

1.35   "Settlement Consideration" means that consideration set forth in Section 4.

1.36   "Settlement Fund" means the common settlement fund established by Class Counsel pursuant to 26 CFR § 1.468B-1 at Huntington Bancshares, Inc. or another qualified bank agreed upon by the Parties and Settlement Administrator, in which Hometrust will deposit $700,000 in settlement funds and from which all monetary compensation to the Settlement Class and certain other expenses shall be paid pursuant to Sections 6.7 and 10.1 below.

## II.   DENIAL OF WRONGDOING AND LIABILITY

2.1   Hometrust denies all material allegations of the Complaints including all charges

of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including any claim that it is liable in any way for the criminal third-party attacks. Similarly, this Agreement provides for no admission of wrongdoing or liability by any of the Released Persons. This Agreement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

## III.    THE BENEFITS OF THE SETTLEMENT

3.1    Settlement Class Counsel believes that the proposed settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class.

3.2    Settlement Class Counsel and Plaintiff recognizes and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Hometrust through trial and appeal.

3.3    Settlement Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Settlement Class Counsel is mindful of possible defenses related to the claims asserted in the Action and under FED. R. CIV. P. 23. Based on their evaluation of all of these factors, Plaintiff and Settlement Class Counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class.

## IV.    SETTLEMENT CONSIDERATION

4.1    For purposes of settlement only, the Plaintiff shall seek, and Hometrust shall not oppose, certification of the Settlement Class, pursuant to FED. R. CIV. P. 23(B)(3) defined as follows:

> **Settlement Class.** All persons whose personal information was exposed or potentially exposed to unauthorized access or acquisition as a result of an Incident affecting Hometrust's computer network that occurred in or around July of 2022.

4.2    For settlement purposes only, Plaintiff shall also seek, and Hometrust shall not oppose, appointment of Settlement Class Counsel, and appointment of Plaintiff as Settlement Class Representative to represent the Settlement Class.

4.4    If this Settlement Agreement is terminated pursuant to its terms, disapproved by

any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on the day before this Settlement Agreement was executed, in accordance with this paragraph. Neither party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or FED. R. CIV. P. 23 if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under FED. R. CIV. P. 23.

4.5     In consideration for the releases provided in this Settlement Agreement, Hometrust will provide the following relief to the Settlement Class, to be paid through the Settlement Fund:

4.5.1   **Credit Monitoring**. Settlement Class Members may submit to the Settlement Administrator a form selecting credit monitoring and identity theft restoration services in a manner consistent with the Claim Form and Notice (a "Credit Monitoring Claimant"). The nature of credit monitoring services provided will be described in the Notice and posted on the Settlement Website. Credit monitoring services may be selected by a Settlement Class Member in addition to an Economic Loss Claim, Attested Time Claim or Cash Payment. The Settlement Administrator shall review all claims for credit monitoring to validate that each Credit Monitoring Claimant is a Settlement Class Member. Ambiguities or deficiencies on the face of the Claim Form shall be resolved by the Settlement Administrator after the close of the claims period. The Settlement Administrator will deliver activation code for Credit Monitoring to the Settlement Class Members who have elected to receive it in accordance with Section 7.2.13, below. The activation codes must be activated within six months from the delivery by mail or email to the Settlement Class. Any Settlement Class Member who fails to timely activate Credit Monitoring shall

9

waive and forfeit any and all rights to Credit Monitoring under this Agreement.

4.5.2    **Reimbursement of Economic Losses**. Any Settlement Class Member may submit a claim for reimbursement for Economic Losses.  Economic Losses are unreimbursed costs or expenditures incurred by a Class member that are fairly traceable to the data breach. Economic Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Class member's personal information.

4.5.3    Settlement Class Members who wish to make a timely and properly supported Claim for reimbursement of  Economic Losses related to the Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; (b) an affidavit that discusses and identifies the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Class member's personal information; and (c) a signed statement indicating that: (i) the Economic Losses claimed are fairly traceable to the Incident; and (ii) the total amount claimed has not been reimbursed by any other person or entity.

4.5.4    **Adjudication of Economic Loss Claims.** No Settlement Class Member may have more than one valid Claim Form for an Economic Loss Claim. The Settlement Administrator shall verify that each person who submits a Claim for economic loss is a Settlement Class Member and shall determine whether and to what extent the Claim reflects valid Economic losses that are fairly traceable to the Incident. The Settlement Administrator shall determine whether a Claimant's supporting materials are sufficient to support a Claim and the amount of such a Claim and shall use reasonable procedures to screen claims for abuse, fraud, duplication, or ineligibility. The Settlement Administrator shall send a written notice to Settlement

Class Members whose Economic Loss Forms were rejected as incomplete. Settlement Class Members shall have fourteen (14) days from the date of the Settlement Administrator's notice to correct all deficiencies in their Economic Loss Claims. If a Settlement Class Member fails to correct all deficiencies within fourteen (14) days from receiving the written notice, the Settlement Administrator shall deny the Settlement Class Member's Claim. The Settlement Administrator shall determine whether the Settlement Class Member has corrected the deficient claim such that it reflects a valid Economic Loss actually incurred that is fairly traceable to the Incident within thirty (30) days.

4.5.5   Economic Losses will be deemed "fairly traceable" if (1) the timing of the loss occurred in or after July, 2022 (or the earliest verifiable date the data breach occurred); (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Defendant prior to the data breach; and (3) the Settlement Administrator determines by a preponderance of evidence that it is fairly traceable to the Incident.

4.5.6   No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Hometrust as to any matter of fact, law, or evidence having any collateral effect on any Claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

4.5.7   If a Settlement Class Member disputes a claim determination related to an Economic Loss Claim in writing and requests an appeal, the Parties will meet and confer on the appeal. If the Parties are unable to reach an agreement, the dispute will be submitted to a neutral agreed to by the Parties with prior experience as a claims referee, who will serve as the claims referee.

4.5.8   **Reimbursement for Attested Time**. All Settlement Class Members may submit a

11

claim for reimbursement of Attested Time up to ten (10) hours at forty dollars ($40) per hour. Settlement Class Members can receive reimbursement of Attested Time with a brief description of the actions taken in response to the Data Security Incident and the time associated with each action. Claims for Attested Time are capped at $400 per individual.

4.5.9    **Assessing Claims for Attested Time.** The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Attested Time, but may consult with Class Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

4.5.10   **Cash Payment:** In the alternative to an economic loss claim or attested time claim, Settlement Class Members may instead elect to receive a settlement payment in cash ("Cash Payment") of $50.

4.5.11   **Payment on Claims.** The Settlement Administrator shall establish an account for payment of Claims (the "Settlement Administration Account"), pursuant to Section 6.1, below. One-hundred and twenty (120) days after the Notice Date, the Settlement Administrator shall make final determinations on all Claims and provide notice to the Parties (the "Claims Determination Notice"), including an accounting of all Claims to be paid and instructions to Hometrust to fund the Settlement Administration Account.

In the event that following the (1) Claims Period and the calculation of the sum of all valid Economic Loss and Attested Time claims, (2) all Cash Payment claims, (3) the final calculation of other expenses to be paid from the Settlement Fund (including the cost of Credit Monitoring for the Credit Monitoring Claimants) residual funds remain in the Settlement Fund, then the amount paid per valid claim

shall increase pro rata until as much of the Settlement Fund is depleted as possible.

4.5.12  If Class Members fail to cash their checks for payment of an Economic Loss Claim, Attested Time, or Cash Payment within six months of delivery, the residual amount of money left from these uncashed checks will be distributed pro rata to the Settlement Class until distribution is no longer feasible. If a de minimis amount remains that is too expensive to distribute to the class, Class Counsel may apply to the Court for alternative distribution of those funds.

4.5.13  Cashing a check and/or activating a Credit Monitoring activation code is a condition precedent to any Settlement Class Member's right to receive settlement benefits.

4.5.14  **Aggregate Cap on Claims.** The aggregate amount of claims under this Agreement is limited to the net amount in the Settlement Fund (i.e. the Settlement Fund less attorneys' fees and costs, Plaintiff service award, and settlement administration and notice costs). In the event that the aggregate amount of payments for claims meets or exceeds the Maximum Amount Payable to the Settlement Class for the payment of Claims, after any costs, fees or administration costs are awarded, then the value of any such payments shall be reduced on a pro rata basis. All pro rata determinations required by this and the preceding Paragraphs shall be performed by the Settlement Administrator.

4.5.15  **Incomplete or Unsigned Claims.** Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient information to determine whether the claimant is a Settlement Class Member, the Settlement Administrator shall request additional information ("Claim Supplementation") and give the claimant fourteen days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty days of receipt of a Claim Form. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim or provide Credit

Monitoring to the claimant.

Following the receipt of additional information requested as Claim Supplementation, the Settlement Administrator shall have thirty days to accept or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is valid, either in whole or in part, then the claim shall be paid to the extent that the Settlement Administrator finds the claim to be valid. If the claim is not valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action.

A Settlement Class Member shall have thirty days to request reconsideration of the approved amount of any Economic Loss Claim and twenty-one days thereafter to appeal the Settlement Administrator's determination to the Court through Class Counsel.

4.5.16  All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the Claims Period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of this Agreement, the releases contained herein and the Judgment.

4.5.17  No person shall have any claim against the Settlement Administrator, Hometrust, Class Counsel, Hometrust's Counsel, any of the Released Persons and/or the Settlement Class Representatives based on distribution of benefits to the Settlement Class.

4.5.18  Information submitted by the Settlement Class pursuant to Section 4 of the Settlement Agreement shall be deemed confidential and protected as such by Hometrust, Class Counsel, and the Settlement Administrator.

4.5.19  Defendant agrees to provide additional anti-phishing training to its employees within sixty (60) days of entry of a Preliminary Approval Order ("Business Practice Commitments"). Actual costs for the Business Practice Commitments will be paid by Defendant separate and apart from the Settlement Fund. Defendant also agrees to provide a declaration detailing the Business Practice Commitments.

4.6    The Parties, including Plaintiff and each of the Settlement Class Members, each expressly agree that they will not engage in any conduct or communications designed to disparage the other.

## V.    SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND PRELIMINARY AND FINAL APPROVAL

5.1    Preliminary Approval. As soon as practicable, but no later than fourteen (14) days following the full execution of this Agreement by all Parties provided that the Obligation to Meet and Confer set forth in Section 13.10 below is satisfied, Settlement Class Counsel shall promptly move the Court for entry of a Preliminary Approval Order. A proposed Preliminary Approval Order shall be attached to the motion and shall be substantially in the form set forth in **Exhibit F**. The motion for Preliminary Approval shall request that the Court, among other things:

5.1.1   Grant preliminary approval of the terms of the Settlement as fair, adequate, and reasonable;

5.1.2   Provisionally certify the Settlement Class pursuant to FED. R. CIV. P. 23 for settlement purposes only, appoint Plaintiff as the Settlement Class Representatives of the Settlement Class and appoint Settlement Class Counsel as counsel for the Settlement Class;

5.1.3   Approve the Notice Program set forth in Section 7 and provide that following the Preliminary Approval Order the Settlement Administrator shall cause the Notice to be provided in accordance with the procedures set forth in Section 7 within fourteen (14) days of preliminary approval;

5.1.4   Approve the procedures set forth in Section 8 for Settlement Class Members to

15

exclude themselves from the Settlement Class or to object to the Settlement or Fee Application;

5.1.5   Find that the Court will retain jurisdiction over all claims relating to this Agreement;

5.1.6   Stay the Action pending Final Approval of the Settlement;

5.1.7   Stay, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning Released Claims;

5.1.8   Schedule the Final Approval Hearing at a time and date mutually convenient for the Court, Settlement Class Counsel, and counsel for Hometrust, at which time the Court will conduct an inquiry into the fairness of the Settlement, whether it was made in good faith and should be finally approved, and whether to approve Settlement Class Counsel's application for attorneys' fees, costs, and expenses, and for Service Awards ("Final Approval Hearing" or "Fairness Hearing");

5.1.9   Provide that all Settlement Class Members will be bound by the Final Approval Order and Judgment dismissing the Action with prejudice;

5.1.10  Establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and Settlement Class Counsel's Fee Application.

5.2    Final Approval. The Final Approval Hearing shall be scheduled no earlier than one hundred (100) days after the entry of the Preliminary Approval Order. By no later than fourteen (14) days prior to the Final Approval Hearing, the Parties shall file any responses to any objections and any briefs in support of final approval of the Settlement, subject to the Obligation to Meet and Confer in Section 13.10, below. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the fees, costs, expenses, or Service Award application, provided the objectors filed timely objections that met all of the requirements listed in Section 8.

5.2.1   At or following the Final Approval Hearing, the Court will determine whether to

enter the Final Approval Order granting Final Approval of the Settlement and whether to approve Settlement Class Counsel's request for attorneys' fees, expenses, and the Service Awards. The proposed Final Approval Order that will be filed with the motion for Final Approval shall be in a form agreed upon by Class Counsel and Hometrust, subject to the Obligation to Meet and Confer set forth in Section 13.10, below. Such proposed Final Approval Order shall, among other things:

(a)   Determine that the Settlement is fair, adequate, and reasonable and approve the Settlement pursuant to FED. R. CIV. P. 23;

(b)   Finally certify the Settlement Class for settlement purposes only;

(c)   Determine that the Notice provided satisfied due process requirements;

(d)   Enter Final Judgment on the Settlement Agreement;

(e)   Bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Section 9, including during the pendency of any appeal from the Final Approval Order;

(f)   Release Hometrust and the Released Persons from the Released Claims, as set forth in Section 9; and

(g)   Reserve the Court's continuing and exclusive jurisdiction over Hometrust and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## VI.   THE SETTLEMENT FUND

6.1   Class Counsel will establish an interest-bearing escrow account to serve as the Settlement Fund at Huntington Bancshares, Inc. or another financial institution approved by Class Counsel and Hometrust's Counsel, which shall be maintained pursuant to Treasury Regulation § 1.468B-1, *et seq.*

6.2   By no later than seven days prior to filing the Motion for Preliminary Approval of

17

this Agreement, Hometrust will deposit $700,000 into the Settlement Fund.

6.3     As described in this Agreement, the Settlement Fund shall be the sole source of monetary funds for all relief referenced below and shall be used by the Settlement Administrator to pay for:

(a) Taxes and Tax-Related Expenses;

(b) Economic Loss Claims, Attested Time Claims, and Cash Payments;

(c) Credit Monitoring;

(d) Notice and Administrative expenses;

(e) Representative Plaintiff's Service Awards;

(f) Class Counsel's Attorneys' Fees, Costs, and Expenses; and

(g) Any other remuneration called for by this Agreement, other than Hometrust's expenses and attorneys' fees related to this Action.

6.4     No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by this Agreement; or (ii) approved by the Court, except that up to $100,000 may be used to provide the Settlement Class Members notice under the notice plan approved by the Court and to pay for administrative expenses. The Settlement Administrator shall be frugal and prudent in incurring notice and administrative expenses.

6.5     All funds held in the Qualified Settlement Fund shall be deemed to be in the custody of the Court upon the deposit of those funds until such time as the funds shall be distributed to Settlement Class Members or used as otherwise disbursed pursuant to this Agreement and/or further order of the Court.

6.6     The Parties agree that the Settlement Fund is intended to be maintained within the meaning of Treasury Regulation § 1.468B-1, and that the Settlement Administrator shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as an escrow account from the earliest date possible and agree to any relation-back election required to

18

treat the Settlement Fund as an escrow account from the earliest date possible.

6.7    All Taxes and Tax-Related Expenses shall be paid out of the Settlement Fund and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Administrator shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments).

6.8    The Parties and their counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Member or Plaintiff of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund.

6.9    Each Settlement Class Member and Representative Plaintiff shall be solely responsible for the federal, state, and local tax consequences to him, or, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

6.10    Hometrust and its counsel shall not have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of Class Counsel the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or this Agreement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes or Tax-Related Expenses incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Hometrust also shall have no obligation to communicate with Settlement Class Members regarding amounts paid under this Agreement.

6.11    The Representative Plaintiff and Class Counsel shall not have any liability whatsoever with respect to any acts taken pursuant to the terms of this Agreement, including, but not limited to: (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or

19

Agreement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes or Tax-Related Expenses incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## VII.    SETTLEMENT ADMINISTRATOR

7.1    Settlement Class Counsel will hire a Settlement Administrator through a competitive bidding process. The Settlement Administrator shall administer various aspects of the Settlement as described in this Agreement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing the Notice to Settlement Class Members as described in Section 7; establishing and operating the Settlement Website and toll-free number; administering the provision of credit monitoring and identity restoration services, and the Claims process as described in Section 4.

7.2    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include the following:

7.2.1    Obtaining from Hometrust the name and last known personal US mail address information for Settlement Class Members, to the extent known, for the purpose of sending the Summary Notice to Settlement Class Members, which will be provided within fourteen days of the Preliminary Approval Order by email, or where a US mail address is not available, by email to the last known personal email address, if known;

7.2.2    Obtaining from Hometrust information, to the extent reasonably available, necessary to establish a reasonably practical procedure to verify Settlement Class Members;

7.2.3    Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

7.2.4   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

7.2.5   Establishing and maintaining a Settlement Website as an additional means for Settlement Class Members to obtain notice of and information about the Settlement through and including hyperlinked access to this Agreement; the Notice; the order preliminarily approving the Settlement; the Final Approval Order; Claim Forms; Reimbursement Forms; and such other documents as Class Counsel and Hometrust agree to post or that the Court orders posted. These documents shall remain on the Settlement Website at least until expiration of the Election Deadline and the Reimbursement Deadline. The URL of the Settlement Website will be agreed upon in writing by Hometrust and Class Counsel. The Settlement Website shall not include any advertising and shall not bear or include the Hometrust logo or Hometrust trademarks;

7.2.6   Processing all written notifications of exclusion from the Settlement Class;

7.2.7   Providing weekly reports or as requested by Class Counsel or Hometrust's Counsel to the parties that summarizes the number and amount of claims and opt-outs since the prior reporting period, the total number and amount of claims and opt-outs received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Class Counsel and Hometrust's Counsel;

7.2.8   Providing a final report no later than seven (7) days after the Opt-Out Deadline that identifies the total number and amount of claims and opt outs,

the number and amount of any claims approved, and other pertinent information as requested by Class Counsel and Hometrust's Counsel;

7.2.9    Paying all Taxes and Tax-Related Expenses from the Settlement Fund;

7.2.10   In advance of the Final Approval Hearing, preparing a declaration to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class; and (iii) provides information on the number of Settlement Class Members who requested Credit Monitoring, and the total number of Settlement Class Members who submitted Economic Loss Claims Attested Time Claims, and Cash Payments;

7.2.11   Receiving and processing all Claim Forms submitted by Settlement Class Members pursuant to the criteria set forth in Section 4;

7.2.12   Reviewing, determining the validity of, and responding to Election and Claim Forms submitted by Settlement Class Members pursuant to the criteria set forth in Section 4;

7.2.13   Processing and transmitting distributions to Settlement Class Members and activation codes for Credit Monitoring in accordance with Section 4 within sixty (60) days after the date the Judgment becomes Final;

7.2.14   Responding to any mailed or emailed Settlement Class Member inquiries;

7.2.15   Performing any other function related to Settlement administration at the agreed-upon instruction of both Settlement Class Counsel and Hometrust, including but not limited to verifying that cash payments have been distributed; and

7.2.16   Overseeing administration of the Settlement Fund.

7.3    Class Counsel and Counsel for Hometrust have the right to review and obtain

supporting documentation from the Settlement Administrator and challenge any reports provided by the Settlement Administrator if either believes the reports to be inaccurate or inadequate. Any determination by the Settlement Administrator regarding the validity or invalidity of any claims challenged by Class Counsel or Hometrust shall be binding, subject to the Claims Resolutions process set forth in Section 4.5.7.

7.4    The Parties, the Released Persons, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

7.5    The Settlement Fund shall be solely responsible for paying the Settlement Administrator for its settlement administration services and the Notice related to the Settlement.

## VIII.    NOTICE, OPT OUTS, AND OBJECTIONS

8.1    Within thirty (30) days of the Preliminary Approval Order, the Settlement Administrator shall distribute the Summary Notice, activate the Settlement Website and otherwise implement the Notice Program provided herein, using the forms of Notice substantially in the form attached as **Exhibits A-E** as approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: (i) a description of the material terms of the Settlement; (ii) a date by which Settlement Class Members may exclude themselves from or "opt out" of the Settlement Class; (iii) a date by which Settlement Class Members may object to the Settlement; (iv) the date upon which the Final Approval Hearing is scheduled to occur; (v) a description of the Settlement Consideration; (vi) a description of the process for submitting Forms; (vii) a description of the process for submitting Claims; (viii) the Deadlines; and (ix) the Internet address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and Hometrust shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the Hometrust logo or trademarks or the return address of Hometrust, or otherwise be styled to appear to originate from Hometrust.

8.2     The Notice shall include information about the benefits of the Settlement and the following information:

        8.2.1    Claim Forms, and additional information regarding the Credit Monitoring offering, are available at the Settlement Website and in the Summary Notice;

        8.2.2    The deadline for submitting Claims is sixty days after the Notice Date.

8.3     The Notice shall include the procedure for Settlement Class Members to exclude themselves from the Settlement Class by providing signed written notice to the Settlement Administrator. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all Settlement Class Members who have timely and validly excluded themselves from the Settlement Class. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Agreement.

8.4     The Notice shall include the procedure for Settlement Class Members to object to the Settlement and/or the Fee Application. Objections to the Settlement and/or Fee Application must comply with the procedures set forth in Section 8.10.

8.5     For an objection to be considered by the Court, the objection must conform to the specifications set forth in Section 8.10.

8.6     Notice shall be provided to the Settlement Class by Summary Notice to each Settlement Class Member by U.S. mail, or where a mailing address is not available, by email to the last known personal email address, if known, and by posting the Long-Form Notice on the Settlement Website, pursuant to the terms of Section 7. The Settlement Administrator shall cause a skip trace to be run with respect to any Notice returned as undeliverable, and shall resend the Notice once in accordance with updated information, if any, obtained from the skip trace.  Notice shall be provided substantially in the forms attached as Exhibits A-B to this Agreement.

8.7     Hometrust shall, within fifteen (15) days of the Execution Date, provide the

Settlement Administrator with data files containing the identity and last known e-mail addresses of the Settlement Class Members (to the extent reasonably available). The Settlement Administrator shall run the mailing addresses through the National Change of Address Database or other similar data source and shall send the Summary Notice to Settlement Class Members at the identified U.S mail addresses under the provisions of this Agreement.

8.8     By no later than seven (7) days after the date of the Preliminary Approval Order, the Settlement Administrator shall establish a dedicated post office box address and the toll-free telephone number contemplated in Section 7.

8.9     Opt-Out Procedures

    8.9.1   Each Settlement Class Member desiring to exclude himself from the Settlement and Settlement Class shall timely submit, by U.S. Mail, written and signed notice of such intent to the designated Post Office box established for said purpose as set forth in the Notice. The written notice must clearly manifest the intent to be excluded from the Settlement Class and must be signed by the Settlement Class Member. A request for exclusion may not request exclusion of more than one member of the Settlement Class. Mass opt-outs are not permitted. To be effective, the written notice must be postmarked by the last date of the Opt-Out Period.

    8.9.2   All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of the Settlement, nor be bound by the terms of this Agreement. Settlement Class Members who do not request to be excluded from the Settlement, except as otherwise ordered by the Court, shall be bound by the terms of this Agreement and Judgment entered thereon.

    8.9.3   Any Settlement Class Member who opts out of the Settlement shall not have standing to object to the Settlement.

8.10    Objection Procedures

8.10.1  Any Settlement Class Member who does not elect to opt-out of the Settlement and who desires to object to the Settlement or the Fee Application shall file and serve such objections on or before the expiration of the Objection Period, filed with the Clerk of the Court no later than the expiration of the Objection Period and served concurrently therewith upon Class Counsel, Matthew R. Wilson, 305 W. Nationwide Blvd, Columbus, OH 43215, and Hometrust's Counsel, Michael D. Morfey, Esq., Hunton Andrews Kurth, LLP, 600 Travis Street, Suite 4200, Houston, TX, 77022. Such objections must set forth:

- the name of the Action;
- the objector's full name, address, telephone number;
- a statement of the basis on which the objector claims to be a Settlement Class Member;
- a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection;
- the identity of all counsel, if any, representing the objector, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application;
- a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing;
- a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

26

- A list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years;

- A list by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person or entity) has filed an objection to any proposed class action settlement within the last 3 years;

- A list by case name, court, and docket number, of all other cases in which the objector has been named a plaintiff in any class action or served as a lead plaintiff or class representative; and

- the objector's signature signed under oath and penalty of perjury and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). If the objector is legally incapacitated, the signature of their duly authorized representative with supporting documentation and an attestation that the objector is legally incapacitated shall suffice.

8.10.2 Except as otherwise ordered by the Court, any Settlement Class Member who fails to comply with the provisions of Section 8.10.1 shall waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object to the Agreement or Fee Application, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action. The exclusive means for challenge to the Agreement shall be through the provisions of Section 8.10.1.

8.10.3 Submitting an objection notice under this paragraph shall constitute the objecting Settlement Class Member's consent to jurisdiction of the Court

27

and to accept service of process, including subpoenas for testimony, at the email address provided in the objection notice.

## IX.    RELEASES

9.1.    As of the Effective Date, the Releasing Parties, shall automatically be deemed to have released all Released Claims.

9.2.    In addition to the Released Claims, Plaintiff Connie Yuan agrees to release the Released Persons from any and all actions, claims, debts, costs, expenses, damages, injuries, liabilities, demands, and causes of action at law or in equity of any kind, nature, and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, from the beginning of time through the Effective Date.

9.3.    Upon the Effective Date, and to the fullest extent permitted by law, each Releasing Party, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Settlement as provided herein) in which any of the Released Claims or the claims released by the Representative Plaintiff pursuant to Section 9.2 above is asserted.


## X.    ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARDS

10.1.    Class Counsel may file a Fee Application seeking an award of attorneys' fees and reimbursement of reasonable expenses of no more than one-third of the Total Settlement Fund, plus costs and a Service Award of $5,000 to the Plaintiff, all of which shall, if approved by the Court, be paid from the Settlement Fund. Neither Class Counsel's application for, nor any individual's entitlement to, a Service Award shall be conditioned in any way upon such individual's support for this Agreement.  Hometrust is free to support, oppose, or take no position with respect to any such Fee Application.

10.2.    Class Counsel must file the Fee Application at least fourteen (14) days prior to the

28

Objection Deadline.

10.3    No order of any attorneys' fees, costs, expenses, and/or Service Award ordered by the Court to the Class Counsel or Representative Plaintiff shall affect whether the Judgment is Final or constitutes grounds for cancellation or termination of this Agreement.

### XI.    TERMINATION OF SETTLEMENT

11.1.    In the event of any of the following events, this Agreement shall be canceled and terminated subject to Section 11.2 unless Class Counsel and Hometrust's Counsel  mutually agree in writing to proceed with the Agreement:

> 11.1.1. Settlement Class Counsel and Hometrust agree to termination before the Effective Date;
>
> 11.1.2. The Court refuses to grant Preliminary Approval of this Agreement;
>
> 11.1.3  The Court refuses to grant Final Approval of this Agreement;
>
> 11.1.4  Any appellate court modifies the Final Judgment or reverses it;
>
> 11.1.5. The Effective Date does not occur;
>
> 11.1.6. More than 350 Settlement Class Members opt out of the Settlement.

11.2    In the event that (i) the Agreement is not approved by the Court and one or both parties decide not to revise the terms of the Agreement to address the Court's concerns and seek approval of a revised agreement, or (ii) the Agreement is terminated in accordance with its terms, then (a) the Parties shall be restored to their respective positions in the Action as if the Agreement had never been entered into, all of the Parties' respective pre-Settlement claims and defenses will be preserved, any remaining funds in the Settlement Fund shall immediately be returned to Hometrust within seven business days, and the Parties shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or a Party's Counsel, and (b) the terms and provisions of this Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement

shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Agreement.

11.3    The Parties agree, for purposes of this Agreement only, to the certification of the Settlement Class. If the Agreement is terminated or cancelled pursuant to the terms of this Agreement, this Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any person's or Parties' position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

## XII.    DISMISSAL OF THE ACTION

12.1.    Plaintiff, on behalf of herself and the Settlement Class Members, consents to the entry of Final Judgment on this Settlement Agreement, fully resolving and adjudicating all claims brought in this Action by dismissal with prejudice.

## XIII.    MISCELLANEOUS PROVISIONS

13.1.    **Entire Agreement.** This Agreement and the Exhibits constitute the final entire agreement among the Parties and supersede any prior agreements among the Parties with respect to the Action and the Released Claims by Plaintiff and the Settlement Class pursuant to Section 1.24 above. The Agreement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein. No representations, warranties, or inducements have been made to or relied upon by any Party concerning this Agreement or its Exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

13.2.    Neither the Agreement, nor the settlement contained herein, nor any act performed

or document executed pursuant to or in furtherance of the Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim identified in Section 1.24 above, or of any wrongdoing or liability of any of the Released Persons; (ii) is or may be deemed to be or may be used as an admission of or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) may be cited or relied upon to support any private cause of action or claim in any court, administrative agency or other tribunal. Any of the Released Persons may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction of any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.3 **Singular and Plurals.** As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

13.3. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Persons.

13.4 **Class Members Signatures.** It is agreed that it is impossible or impractical to have each Class Member execute this Agreement. The Notices will advise all potential Class Members of the binding nature of the Releases, Settlement Agreement, the Preliminary Approval Order, and the Final Order and Judgment; and each of those documents shall have the same force and effect as if each Class Member executed this Settlement Agreement.

13.5. **Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement

and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Parties and the Settlement Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

13.6.    **Amendment.** This Agreement may be amended, modified, or waived only by a written instrument signed by counsel for all Parties hereto or their successors in interest or their duly authorized representatives.

13.7.    **Currency.** All dollar amounts are in United States dollars (USD).

13.8.    **Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

13.9.    **Authorization.** Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Representative Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its term, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Agreement and to ensure fairness to the Settlement Class.

13.10.    **Obligation to Meet and Confer.** Before filing any motion in the Court pertaining to this Agreement, including but not limited to a motion for preliminary and final approval, raising a dispute arising out of or related to this Agreement, or responding to objectors to this Agreement, the Parties shall consult with each other and certify to the Court that they have meaningfully consulted with one another at least five (5) days before any motion was filed.

13.11.    **Deadlines.** If any deadline set forth in this Agreement or the Exhibits thereto falls on a Saturday, Sunday, or legal holiday, that deadline will be continued to the next business day.

13.12.    **No Conflict Intended.** Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

13.13  **Confidentiality.**  To the extent permitted by law and any applicable Court rules, all agreements made, and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and the Effective Date.

13.14  **Arm's-Length Negotiations.** The Parties represent and agree that the terms of the Agreement were negotiated at arm's-length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

13.15.  **Best Efforts.** The Parties and their respective counsel of record (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, and to exercise their best efforts to obtain (and, if necessary, defend on appeal) all necessary approvals of the Court required by this Agreement (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement) and to accomplish the terms and conditions of this Agreement.

13.16.  **Independent Investigation and Decision to Settle.** The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

13.17.  **Receipt of Advice of Counsel.** Each Party acknowledges, agrees, and specifically

33

warrants that he, she, or it has fully read this Agreement and the Releases contained in Section 9, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

13.18. **Time Periods.** The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Class Counsel and Hometrust's Counsel.

13.19. **CAFA Notice.** Within 10 days of Plaintiff's Motion for Preliminary Approval, Hometrust shall cause the Settlement Administrator to provide CAFA notice required by 28 U.S.C. § 1715(b).

13.20. **Governing Law.** This Agreement is intended to and shall be governed by the laws of the State of Texas without regard to its choice of law principles.

13.21. **No Construction Against Drafter.** This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

13.22. **Execution in Counterparts.** This Agreement shall become effective upon its execution by all of the Parties' attorneys. The signatories may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

13.23. **Signatures.** Each person executing this Agreement warrants that such person has the full authority to do so. Signatures sent in PDF format by email will be sufficient to execute the agreement.

13.24. **Notices.** Notices in relation to this Agreement shall be provided to counsel of record for each party.

Date: May ___, 2023            By: _____
                                   Matthew Wilson, Esq.
                                   Meyer Wilson Co., LPA
                                   Attorneys for Plaintiff

Date: May 23, 2023             By: _____
                                   Michael D. Morfey
                                   Hunton Andrews Kurth, LLP
                                   Attorneys for Hometrust

Date: May ___, 2023            By: _____
                                   Connie Yuan

Date: May 23, 2023             By: _____
                                   Hometrust

                               Its: _____

35

Date: May 23, 2023          By: _____
                                Matthew Wilson, Esq.
                                Meyer Wilson Co., LPA
                                Attorneys for Plaintiff

Date: May ___, 2023         By: _____

                                Michael D. Morfey
                                Hunton Andrews Kurth, LLP
                                Attorneys for Hometrust

Date: May 22, 2023          By: _____

                                Connie Yuan

Date: May ___, 2023         By: _____

                                Hometrust

                            Its: _____

35

**Dropbox** Sign                                                        **Audit trail**

| | |
|---|---|
| **Title** | HomeTrust | Settlement Agreement - Connie Yuan |
| **File name** | 2023.05.22 FINAL ...ent Agreement.pdf |
| **Document ID** | 6c839564588df73063ff7ea7dfe532523e62e027 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **05 / 22 / 2023**<br>16:00:25 UTC-5 | Sent for signature to Connie Yuan (connieyuan92@gmail.com)<br>from esignature@turkestrauss.com<br>IP: 172.220.116.88 |
| **VIEWED** | **05 / 22 / 2023**<br>19:20:56 UTC-5 | Viewed by Connie Yuan (connieyuan92@gmail.com)<br>IP: 68.0.229.42 |
| **SIGNED** | **05 / 22 / 2023**<br>19:21:25 UTC-5 | Signed by Connie Yuan (connieyuan92@gmail.com)<br>IP: 68.0.229.42 |
| **COMPLETED** | **05 / 22 / 2023**<br>19:21:25 UTC-5 | The document has been completed. |

# Exhibit A

# SHORT FORM NOTICE

**You are a person who may have been impacted by an Incident in the United States affecting Hometrust Mortgage that occurred in or around July of 2022**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer*

Yuan v. Hometrust Mortgage, Settlement Administrator

**Why did I get this notice?** A class action settlement agreement and release ("Settlement Agreement") has been reached in a lawsuit entitled *Yuan v. Hometrust Mortgage, Co.*, Civil Action No. 22-cv-01355 in the United States District Court for the Western District of Texas. The lawsuit alleges that as the result of a cyberattack by an unauthorized third party to certain computer systems of Hometrust Mortgage ("Hometrust"), personal information, including names, Social Security numbers, dates of birth, or individual tax information and other information may have been compromised in or around July of 2022 (the "Incident"). Hometrust maintains that it has meritorious defenses, and it was prepared to vigorously defend the lawsuit but encourages all persons who qualify as members of the Settlement Class to participate in the Settlement.

**Who Is Included?** Hometrust records indicate you are included in the settlement as a Settlement Class Member because your information may have been involved in the Incident.

**What are the Settlement Benefits?**
- All persons potentially affected by the Incident, including Settlement Class Members, shall have the option to sign-up for a year of free credit monitoring and identity restoration services.
- Any Settlement Class Member may submit a Claim for reimbursement for documented Economic Losses related to the Incident that have not been reimbursed by other third parties. Economic Losses shall be deemed fairly traceable to the Data Breach if (i) the alleged wrongdoing occurred in or around July of 2022 or thereafter, (ii) the Settlement Class Member executes a statement signed under penalty of perjury indicating that the Economic Losses claimed are fairly traceable to the Incident, (iii) the alleged wrongdoing involved misuse of the type of personal information inadvertently disclosed in the Incident (i.e., name, address, Social Security number, date of birth), and (iv) the Settlement Administrator determines by a preponderance of evidence that it is fairly traceable to the Incident.
- Any Settlement Class Member may submit a Claim for reimbursement of Attested Time up to ten (10) hours at forty dollars ($40) per hour, for a maximum of $400 per individual. Settlement Class Members can receive reimbursement for Attested Time with a brief description of the actions taken in response to the Data Security Incident and the time associated with each action.
- In the alternative to a claim or economic losses or attested time, any Settlement Class Member may instead elect to receive a settlement payment in cash of $50.

**How Do I Receive Settlement Benefits?** To receive the Settlement Benefits, Settlement Class Members must submit a Claim Form to the Settlement Administrator by DATE. The forms are available at HERE, by calling 1-PHONE NUMBER, or by writing to the Settlement Administrator at ADDRESS. Both forms may be submitted through the Settlement Website or by mail to the Settlement Administrator.

**What Are My Options?** You can do nothing, submit a Claim Form or a Reimbursement Form, or exclude yourself from the settlement. If you do nothing or submit a Claim or Reimbursement Form, your rights will be affected. You will not be able to sue Hometrust in a future lawsuit about the claims addressed in the settlement. If you exclude yourself, you will not receive the listed settlement benefits, but you will keep your right to sue Hometrust in a separate lawsuit on the issues covered by the settlement. You must contact the Settlement Administrator by mail to exclude yourself. If you do not exclude yourself, you can object to the settlement, Class Counsel's request for fees and expenses, or the Settlement Class Representative's requests for service awards. *All Requests for Exclusion and Objections must be postmarked or filed in person by [exclusion/objection deadline].*

**The Final Approval Hearing.** The Court will hold a Final Approval Hearing at [TIME, on DATE], at the United States District Court for the Western District of Texas, Austin, TX Courthouse, 501 West 5th Street, Suite 7300, Austin, TX 78701. At the Final Approval Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs of up to $INSERT and a service award of $5,000 each to the Settlement Class Representatives that filed this lawsuit. If there are objections, the Court will consider them.

**Getting More Information.** More information, including the Settlement Agreement and other related documents, is available at www.INSERTWEBSITE.com. You may access the case docket via PACER at https://www.txwd.uscourts.gov/cmecf/ in person at the clerk's office of the Court's physical location. You should monitor the settlement website or the Court's PACER website to ensure that the final approval date does not change.

2

# EXHIBIT B

# Long Form Notice

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

### Notice of Class Action and Proposed Settlement

***You may be entitled to receive benefits under this class action settlement.***

This notice summarizes the proposed settlement reached in a lawsuit entitled *Yuan v. Hometrust Mortgage, Co.*, Civil Action No. 22-cv-01355 in the United States District Court for the Western District of Texas ("Lawsuit"). For the precise terms and conditions of the settlement, please see the settlement agreement available at www.WEBSITE.com, by contacting the Settlement Administrator at _____.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**This notice may affect your rights – please read it carefully.**

*A federal court authorized this notice. This is **not** a solicitation from a lawyer.*

•      The lawsuit alleges that as the result of a cyberattack by an unauthorized third party to certain computer systems of Hometrust Mortgage ("Hometrust"), personal information by Hometrust, including names, Social Security numbers, dates of birth, Social Security or individual tax information and other information may have been compromised in or around July of 2022 (the "Incident"). Hometrust maintains that it has meritorious defenses, and it was prepared to vigorously defend the lawsuit but encourages all persons who qualify as members of the Settlement Class to participate in the Settlement.  The settlement is not an admission of wrongdoing or an indication that Hometrust has violated any laws.

•      If your information was potentially compromised in the Incident, you are a Settlement Class Member.

•      **All Settlement Class Members shall have the option to sign-up for one year of free credit monitoring,**

•      **All persons potentially affected by the Incident, including Settlement Class Members, shall have the option to sign-up for a year of free credit monitoring and identity restoration services.**

•      **Any Settlement Class Member may submit a Claim for reimbursement for documented Economic Losses related to the Incident that have not been reimbursed by other third parties. Economic Losses shall be deemed fairly traceable to the Data Breach if (i) the alleged wrongdoing occurred in or around July of 2022 or thereafter, (ii) the Settlement Class Member executes a statement signed under penalty of perjury indicating that the Economic Losses claimed are fairly traceable to the Incident, (iii) the alleged wrongdoing involved misuse of the type of personal information inadvertently disclosed in the Incident (i.e., name, address, Social Security number, date of birth, etc.), and (iv) the Settlement Administrator determines by a preponderance of evidence that it is fairly traceable to the Incident.**

4

- **Any Settlement Class Member may submit a Claim for reimbursement of Attested Time up to ten (10) hours at forty dollars ($40) per hour, for a maximum of $400 per individual. Settlement Class Members can receive reimbursement for Attested Time with a brief description of the actions taken in response to the Data Security Incident and the time associated with each action.**

- **In the alternative to a claim or economic losses or attested time, any Settlement Class Member may instead elect to receive a settlement payment in cash of $50.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A REIMBURSEMENT FORM**<br><br>**DEADLINE: [DATE]** | This is the only way for Settlement Class Members to request reimbursement of economic losses related to the Incident. If you submit a Reimbursement Form, you will give up the right to sue Hometrust in a separate lawsuit about the claims this Settlement resolves. |
| **SUBMIT A NON-ECONOMIC LOSS CLAIM FORM**<br><br>**DEADLINE: [DATE]** | This is the only other way for Settlement Class Members to submit a claim for money that is not related to economic losses related to the Incident. If you submit a Claim Form, you will give up the right to sue Hometrust in a separate lawsuit about the claims this Settlement resolves. |
| **SUBMIT A CLAIM FORM FOR CREDIT MONITORING** | This is the only way for Settlement Class Members to sign up for one year of free credit monitoring, identity theft protection, and identity restoration services. If you submit an Claim Form, you will give up the right to sue Hometrust in a separate lawsuit about the claims this Settlement resolves. |
| **DO NOTHING** | Unless you exclude yourself, you are automatically part of this Settlement. You will not receive anything from the settlement unless you submit a Claim Form, and you will still give up the right to sue, continue to sue, or be part of another lawsuit against Hometrust about the legal claims resolved by this Settlement. |
| **EXCLUDE YOURSELF**<br><br>**DEADLINE: [DATE]** | You will not receive any benefits from the Settlement, but you will not be bound by the terms of the Settlement, if approved by the Court. |
| **OBJECT:**<br><br>**DEADLINE: [DATE]** | If you do not exclude yourself from the Settlement Class, you may object to the Settlement or to Class Counsel's or the Class Representatives' requests for Class Counsel fees or |

| | Service Awards, respectively. |
|---|---|
| **GO TO A HEARING ON [DATE]** | You may object to the Settlement and ask the Court for permission to speak at the Fairness Hearing about your objection. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the Settlement. No benefits will be provided, or payments made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

QUESTIONS? READ ON AND VISIT WWW.INSERTWEBSITE.COM

**TABLE OF CONTENTS**

PAGE

**BASIC INFORMATION** ...................................................................................................... 6

- Why is this Notice being provided? ......................................................................... 6
- What is this lawsuit about? ........................................................................................ 6
- Why is this a class action? ......................................................................................... 6
- Why is there a Settlement? ........................................................................................ 6

**WHO IS IN THE SETTLEMENT** ..................................................................................... 7

- How do I know if I am part of the Settlement? ....................................................... 7
- What if I am not sure whether I am included in the Settlement? ........................... 7

**THE SETTLEMENT BENEFITS** ..................................................................................... 7

- What benefits does the Settlement provide? ............................................................ 7
- Tell me more about enrollment in Equifax plan. .................................................... 7
- Tell me more about reimbursement of economic costs. ......................................... 8
-

**HOW TO GET SETTLEMENT BENEFITS** ................................................................. 9

- How can I enroll in the Equifax plan? ...................................................................... 9
- How do I obtain reimbursement of economic costs related to the Incident? ....... 9
- When will I receive my reimbursement payment under the Settlement? .............. 9
- What am I giving up as part of the Settlement? ..................................................... 10

**THE LAWYERS REPRESENTING YOU** ..................................................................... 10

- Do I have a lawyer in the case? .............................................................................. 10
- How will the lawyers be paid? ............................................................................... 10

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................................ **10**

- What does it mean to exclude myself from the Settlement? ............................................. 10
- If I exclude myself, can I get anything from this Settlement? ......................................... 10
- If I do not exclude myself, can I sue later? ...................................................................... 11
- How do I exclude myself from the Settlement? ................................................................ 11

**OBJECTING TO THE SETTLEMENT** ......................................................................................... **11**

- How do I tell the Court if I do not like the Settlement? ................................................... 11
- What is the difference between objecting and asking to be excluded? ............................. 12

**FINAL APPROVAL HEARING** ................................................................................................... **12**

- When and where will the Court decide whether to approve the Settlement? .................... 12
- Do I have to come to the hearing? .................................................................................... 12
- May I speak at the hearing? .............................................................................................. 13

**IF YOU DO NOTHING** .................................................................................................................. **13**

- What happens if I do nothing at all? ................................................................................. 13

**GETTING MORE INFORMATION** .............................................................................................. **13**

- How do I get more information about the proposed Settlement? ....................................... 13

# BASIC INFORMATION

**Why is this notice being provided?**

This Class Notice is provided pursuant to an order issued by the Court to inform you of the proposed Settlement and the Final Approval Hearing to be held by the Court to consider, among other things, (a) whether the Settlement is fair, reasonable and adequate and should be approved;  and (b) Class Counsel's request for Class Counsel Fees and Expenses and the Class Representatives' request for a Service Award. This Class Notice explains the nature of the lawsuit, the general terms of the proposed Settlement (including the benefits available), and your legal rights and obligations.  This  Class Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Action.

The United States District Court for the Western District of Texas is overseeing this action, which is known as *Yuan v. Hometrust Mortgage*, Civil Action No. 22-cv-01355  ("Lawsuit"). The persons that filed the lawsuit are called the  "Plaintiffs."  Hometrust Mortgage is the "Defendant."

**What is this lawsuit about?**

The lawsuit alleges that as the result of a cyberattack by an unauthorized third party to certain computer systems of Hometrust Mortgage ("Hometrust"), personal information by Hometrust, including names, Social Security numbers, dates of birth, Social Security or individual tax information and other information may have been compromised in or around July of 2022 (the "Incident").

Plaintiffs claim that Hometrust did not adequately protect personal information and that  as a result of the Incident people were harmed.  Hometrust denies any wrongdoing and that its actions have resulted in any harm to any individuals. No  court or other entity has made any judgment or other determination of any wrongdoing or that any  law has been violated.

**Why is this a class action?**

In a class action, one or more people called "class representatives" sue on behalf of themselves  and other people with similar claims.  The Plaintiff (the class representative here), together with  the people she represents, are called Settlement Class Members.  One court resolves the issues for  all Settlement Class Members, except for those people who timely exclude themselves from the  Settlement Class. In this case, the Class Representative is Connie Yuan.

**Why is there a Settlement?**

The Court has not decided in favor of Plaintiff or Hometrust. Instead, both sides agreed to a settlement. Settlement avoids the  costs and uncertainty  of trial and related appeals, while  providing benefits to members of the Settlement Class. The Class Representative and attorneys  for the Settlement Class ("Settlement Class Counsel") believe the Settlement is in the best interests  of the Settlement Class Members.

# WHO IS IN THE SETTLEMENT

**How do I know if I am part of the Settlement?**

You are included in the Settlement Class if you are a member of the following:

> All persons whose personal information was potentially exposed to unauthorized access as a result of an Incident affecting Defendant's computer network that occurred in or around July of 2022.

**What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Class, or have any other questions about the Settlement, call the toll-free number, 1-800-PHONENUMBER. You also may write with questions to: INSERT SETTLEMENT ADMININRSTATOR INFO AND ADDRESS or go to www.INSERTWEBSITE.com.

# THE SETTLEMENT BENEFITS

**What benefits does the Settlement provide?**

Hometrust will provide Settlement Class Members the following benefits under the Settlement: (1) the ability to immediately enroll in credit monitoring and identity restoration services for one year; (2) reimbursement of documented Economic Losses which are: (a) related to the Incident; (b) not otherwise reimbursable by another third party; (c) supported by required documentation; and (d) meets all requirements set forth in the Reimbursement Form and the Settlement Agreement; (3) Reimbursement of Attested Time up to ten (10) hours at forty dollars ($40) per hour, for a maximum of $400 per individual provided that the claim contans (a) a brief description of the actions taken in response to the Data Security Incident and (b) the time associated with each action; or (4) in the alternative to reimbursement of Economic Losses or Attested Time, a cash payment of fifty dollars ($50).

Complete details regarding the settlement benefits are available in the Settlement Agreement, which is available at www.INSERTWEBSITE.com.

**Tell me more about enrollment in the Credit Monitoring plan.**

All persons potentially affected by the Incident are entiled to enroll in free credit monitoring and identity restoration services ("Credit Services") provided by Equifax for a period of one year, which will begin upon timely activation by the Class Member.

**Credit Services Include:**
- Credit Monitoring: Credit monitoring of Class Members' credit file for U.S. residents at all 3 major credit reporting agencies;
- Fraud Alerts
- Identity Restoration Services: Provide professional fraud resolution assistance to Class

Members who experience identity theft or fraud. This includes assistance with disputing transactions, implementing fraud alerts, negotiating with banks, creditors, the IRS and other third parties, and preparing paperwork.

Credit Services provided by Equifax are being provided to all persons potentially affected by the Incident, including Settlement Class Members and those who exclude themselves from the settlement.  You must submit a Claim Form to receive a unique enrollment code and related activation instructions.  If you elect to receive Credit Services provided by Equifax, you must timely enroll using the enrollment code you were mailed, by following the enrollment instructions accompanying the code.  If you have any questions regarding enrollment in the Credit Services, you may contact Equifax as indicated in the letter containing your enrollment code, or you may contact the Settlement Administrator

**Tell me more about reimbursement of economic costs.**

**Reimbursement of Documented Economic Losses.** Any Settlement Class Member may submit a Claim for reimbursement for documented Economic Losses related to the Incident that have not been reimbursed by other third parties. Any Settlement Class Member whose Reimbursement Claim is rejected for failure to submit a claim within the required time period may not submit a Claim for reimbursement under this process.

Settlement Class Members who wish to make a timely and properly supported Claim for reimbursement of Economic Losses related to the Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) an affidavit signed under penalty of perjury indicating demonstrating (i) the Economic Losses that were suffered; (ii) the Economic Losses claimed are fairly traceable to the Incident; and (iii) the total amount claimed has not been reimbursed by any other person or entity. Economic Losses that are compensated under this Agreement are those that are reasonable and customarily incurred when responding to the type of fraud or identity theft suffered by the Settlement Class Member from the Incident.

**Tell me more about reimbursement of attested time.**

**Reimbursement of Attest Time.** Settlement Class Members who wish to make a timely and properly supported Claim for reimbursement of Attested Time spent in relation to the Incident must provide to the Settlement Administrator the information required to evaluation the claim, including: (a) the Claimant's name and current address; (b) a brief description of the actions taken in response to the Data Security Incident and (c) the time associated with each action.

**Tell me more about filing a claim for Cash Payment**

**Cash Payment.** Any Settlement Class Member who does not submit a claim for economic losses or attested time may submit a Claim for a cash payment for their injury related to the Incident. for Documented Economic Losses may submit a Claim for their Non-Economic injury related to the Incident. Claims may be submitted electronically or in paper format. Settlement Class Members who wish to make a timely and properly supported Cash Payment related to the Incident must

provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address. Nothing else is required.

# HOW TO GET SETTLEMENT BENEFITS

**How can I enroll in the Credit Services?**

To receive the Credit Services from Hometrust, any person potentially affected by the Incident including Settlement Class Members and those who exclude themselves from the settlement  must timely enroll in the Credit Services by using the unique enrollment code and related instructions sent  by mail in a letter from the Settlement Administrator following submission of a Claim Form.

**How do I obtain reimbursement of economic costs related to the Incident?**

For reimbursement of documented Economic Losses related to the Incident that have not been reimbursed by Equifax or other third party, submit a Reimbursement Claim and  provide documentation proving the economic costs as described above. You can get the Reimbursement Form  at  www.INSERTWEBSITE.com  or  by  calling  1-800-PHONENUMBER.  For each Reimbursement Form, you  must read  the  instructions carefully,  fill out the  form  completely, attach the required documentation, and either submit the form and documentation  through the Settlement Website, or mail the form postmarked no later than **DATE**, to:

Settlement Administrator
ADDRESS
ADDRESS

If  you  have  questions  about  how  to  file  a  claim,  call  1-800-PHONENUMBER  or  go  to www.INSERTWEBSITE.com.

**How do I obtain reimbursement of non-economic injury related to the Incident?**

For reimbursement of non-Economic Injury related to the Incident that have not been reimbursed by Equifax or other third party, the remaining of the $700,000 will be distributed on a pro rata basis after the payment of administration, attorneys fees and expenses, to those who submit a claim form as described above. The current estimate is that each claiming Settlement Class Member will receive $50. You can get the Claim Form at www.INSERTWEBSITE.com or by calling 1-800-PHONENUMBER.  For each  Reimbursement Form, you  must read  the  instructions carefully, fill out the  form  completely, attach the required documentation, and either submit the form and documentation  through the Settlement Website, or mail the form postmarked no later than **DATE**, to:

Settlement Administrator
ADDRESS
ADDRESS

If you have questions about how to file a claim, call 1-800-PHONENUMBER or go to www.INSERTWEBSITE.com.

**When will I receive my reimbursement payment under the Settlement?**

If you file a timely and valid Reimbursement Form or Claim Form and submit required documentation, the Settlement Administrator will evaluate your claim to confirm your eligibility and calculate your payment amount. The Settlement Administrator will notify you of any deficiencies with respect to your claim. The Settlement Administrator will then issue a final decision on your claim.

Please ensure you provide a current, valid email address with your claim submission. If the email address you include with your Claim Form changes or becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Settlement Administrator to receive a payment. When you receive the email notifying you of your Settlement Payment, you will be provided with a check to receive your Settlement Payment.

Payments for valid claims will not be made until after the Settlement is finally approved and all appeals and other reviews have been exhausted.

**What am I giving up as part of the Settlement?**

Unless you exclude yourself, you cannot sue Hometrust or be part of any lawsuit against Hometrust about any of the issues in this Action. Unless you exclude yourself, all of the decisions by the Court will bind you. The specific claims you are giving up are described in Paragraph 9 of the Settlement Agreement. You will be releasing your claims against Hometrust and all related people as described in Paragraph 9.

The Settlement Agreement is available at www. INSERTWEBSITE.com or by calling 1-800-PHONENUMBER. The Settlement Agreement describes the released claims with specific descriptions, so please read it carefully. If you have any questions about what this means, you can talk to Settlement Class Counsel, or you can talk to your own lawyer at your own expense.

# THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in the case?**

Yes, you do have a lawyer in the case. The Court appointed the law firms of Meyer Wilson, Turke & Strauss LLP, and Kendall Law Group to represent you and the Settlement Class. These firms are called "Settlement Class Counsel." You will not be charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will the lawyers be paid?**

Class Counsel will ask the Court for Hometrust to pay for reasonable attorneys' fees and expenses of up to $ **INSERT**, and a Class Representative service award not to exceed $5,000 for Plaintiff. The Court will decide the amount of attorneys' fees, expenses, and service awards. Any attorneys' fees, expenses, and service awards approved will be paid by Hometrust and will not reduce the benefits provided to you or the other Settlement Class Members under the proposed Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**What does it mean to exclude myself from the Settlement?**

If you want to keep the right to sue or continue to sue Hometrust about the legal claims in this case, you must take steps to exclude yourself from the Settlement Class. Excluding yourself is also called "opting out" of the Settlement.

**If I exclude myself, can I get anything from this Settlement?**

If you exclude yourself, you cannot get anything from the Settlement. If you exclude yourself, you may not apply for any benefits under the proposed Settlement and you cannot object to the proposed Settlement.

**If I do not exclude myself, can I sue later?**

Yes. If you do not exclude yourself, you cannot sue later. Unless you exclude yourself, you give up the right to sue Hometrust for all of the claims that this proposed Settlement resolves.

**How do I exclude myself from the Settlement?**

To exclude yourself from the proposed Settlement, you must timely submit, by U.S. Mail, written notice of your intent to opt-out of the Settlement to the Settlement Administrator's designated address established for opt-outs. The written notice must clearly manifest your intent to be excluded from the Settlement Class in *Yuan v. Hometrust Mortgage*, Civil Action No. 22-cv-01355 in the United States District Court for the Western District of Texas, and must be signed by you. You can only request exclusion for yourself: you cannot request to exclude any other member of the Settlement Class. Mass opt-outs are not permitted.

To be effective, written notice must be postmarked by _____ and mailed to:

INSERT ADDRESS

You <u>cannot</u> ask to be excluded on the phone, by email, or on the website.

## OBJECTING TO THE SETTLEMENT

**How do I tell the Court if I do not like the Settlement?**

13

If you are a Settlement Class Member, you can object to or comment on the Settlement, Settlement Class Counsel's request for attorneys' fees and expenses, and/or the Settlement Class Representative' request for service awards. To object, you must state in writing that you object to the Settlement, and include the following information in your written objection:

1. The name of the Action;

2. Your full name, mailing address, telephone number, and e-mail address;

3. A statement of the basis on which you claim to be a Settlement Class Member;

4. A written statement of all grounds for your objection, accompanied by any legal support for the objection, and any evidence you wish to introduce in support of the objection;

5. The identity of all counsel, if any, representing you, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application;

6. A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing you who intends to appear at the Final Approval Hearing;

7. A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

8. A list by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years;

9. A list by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity ) has filed an objection to any proposed class action settlement within the last 3 years;

10. A list by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or class representative; and

11. Your signature signed under oath and penalty of perjury and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). If legally incapacitated, the  signature of your duly authorized representative (along with documentation setting forth  such legal incapacitation and representation).

Failure to include this information may be grounds for the Court to disregard your objection.

To submit an objection, send a letter to the Court either by: (a) mailing it to the Clerk of the Court, United States District Court for the Western District of Texas,  Austin, TX Courthouse, 501 West 5th Street, Suite 7300, Austin, TX 78701 or; (b) filing the objection in  person at Clerk of the Court,  United States District Court for the Western  District of Texas,  Austin, TX Courthouse,

501 West 5th Street, Suite 7300, Austin, TX 78701. Mailed objections must be filed or postmarked on or before the Objection Deadline, which is [Objection Deadline].

**What is the difference between objecting and asking to be excluded?**

You can object to the Settlement when you wish to remain a Settlement Class Member and be subject to the Settlement but disagree with some aspect of the Settlement. An objection allows your views to be heard in Court.

Excluding yourself from the Settlement Class means that you are no longer a Settlement Class Member and do not want the Settlement to apply to you. Once you are excluded, you lose the right to receive any benefits from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

# FINAL APPROVAL HEARING

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ a.m., on _____, at the United States District Court for the Western District of Texas, Austin, TX Courthouse, 501 West 5th Street, Suite 7300, Austin, TX 78701. At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees and expenses, and the service awards. If there are objections, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the proposed Settlement and how much to award to Class Counsel as fees and expenses, and the service award. You do not need to attend.

The Final Approval Hearing may be moved to a different date or time without additional notice, so if you wish to attend, it is recommended that you periodically check www.INSERTWEBSITE.com to confirm the date of the Final Approval Hearing. You may access the case docket via PACER at https://www.txwd.uscourts.gov/cmecf/ in person at the clerk's office of the Court's physical location. You should monitor the settlement website or the Court's PACER website to ensure that the final approval date does not change

**Do I have to come to the hearing?**

You do <u>not</u> have to attend the hearing. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you submit a written objection, you do not have to come to the Fairness Hearing to raise your objection. As long as you timely mailed your written objection, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but their attendance is not necessary.

**May I speak at the hearing?**

Yes, you may speak at the hearing. If you would like to do so, you must indicate your intent to

personally appear and/or testify at the Final Approval Hearing, and identify any counsel representing you who intends to appear at the Final Approval Hearing, when providing written notice of your objection as noted above regarding how to object to the Settlement.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**What happens if I do nothing at all?**

If you are a Settlement Class Member and you otherwise do nothing, you will be legally bound by the Settlement, but you will not receive any benefits related to the Incident.  You will not be able to bring a lawsuit, continue a lawsuit, or be a part of any other lawsuit  against Hometrust about the claims in this case.

If you would like to request benefits under the Settlement, you must follow the instructions described above.

## GETTING MORE INFORMATION

**How do I get more information about the proposed Settlement?**

This notice summarizes the proposed Settlement. More details are included in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.INSERTWEBSITE.com. You also may write with questions to the Settlement Administrator, at EMAIL ADDRESS OR REAL [ADDRESS]. You can access Reimbursement and Claim Forms and review additional documents on the Settlement Website. You can also request to receive Reimbursement and Claim Forms, a copy of the Settlement Agreement, and a detailed notice by mail by calling the toll-free number, 1-800-PHONENUMBER.

# Exhibit D

# Reimbursement Form for Economic Losses and Attested Time

*Yuan v. Hometrust Mortgage*

Civil Action No. 22-cv-01355

(United States District Court for the Western District of Texas)

**REIMBURSMENT FORM**

Eligible Settlement Class Members may submit one or more Claims for reimbursement for documented Economic Losses related to the Incident that have not been reimbursed by other third parties, or Attested Time spent in response to the Incident.

Additional information is contained in the Notice and the Settlement Agreement, both of which are available at www.INSERTWEBSITE.com or by calling 1-PHONENUMBER.

Settlement Class Members who wish to make a timely and properly supported Claim for reimbursement of Economic Losses related to the Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) an affidavit signed under penalty of perjury demonstrating (i) the Economic Losses that were suffered; (ii) the Economic Losses claimed are fairly traceable to the Incident; and (iii) the total amount claimed has not been reimbursed by any other person or entity. Economic Losses that are compensated under this Agreement are those that are reasonable and customarily incurred when responding to the type of fraud or identity theft suffered by the Settlement Class Member from the Incident.

Settlement Class Members who wish  to make a timely and properly supported Claim for reimbursement of Attested Time spent in relation to the Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; (b) a brief description of the actions taken in response to the Data Security Incident and (c) the time associated with each action.

Settlement Class Members must submit this documentation along with the form required below through the Settlement Website, or by mailing it to the following address:

> *Yuan v. Hometrust Mortgage*
> SETTLEMENT ADMINISTRATOR
> P.O. Box XXXXX
> City, State XXXXX-XXXX

If you have any questions, call 1-PHONE NUMBER or go to www.INSERTWEBSITE.com for more information.

**Deadline:** All Claims must be submitted to the Settlement Administrator on or before **DATE**.

**CLAIMAINT INFORMATION**
**Please Type or Print in the Boxes Below**

First Name                                    MI          Last Name

Mailing Address (Street, PO Box, Suite or Office Number)

City                                                             State          Zip Code

**Additional Information**

Last Four Digits of Social Security Number

Email Address (optional)

Telephone Number (optional)

**ECONOMIC LOSSES**

I declare under penalty of perjury that:

☐ The economic loss I have claimed on this form is related to the Incident; and

☐ The total amount claimed has not been reimbursed by any other third party.

Only one (1) form is needed for multiple costs incurred from the Incident.

**Amount Requested:**

$ ☐ , ☐ ☐ ☐ .

**An affidavit must be submitted to support your exact claim amount.**

Please provide a brief description of economic loss requested in this Claim, as well as an explanation

of how such losses are related to the Data Incident. (You may attach additional pages if necessary).

| |
| --- |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

| Signature:_____ | Date:_____ |
| --- | --- |
| Print Name:_____ | Your claim will be submitted to the Settlement Administrator for review. If your Reimbursement Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator. If your claim is approved, you will be issued a payment using the email or street address you provide. This process takes time; please be patient. |

**ATTESTED TIME**

I declare under penalty of perjury that:

☐ The Attested Time is related to the Incident.

Only one (1) form is needed for all Attested Time incurred from the Incident.

<table>
<tr><td colspan="2"><strong><u>Hours of Attested Time</u></strong></td></tr>
</table>

| **Hours of Attested Time** |
| --- |
| ☐  ☐☐☐ |
| **An affidavit must be submitted to support your exact claim amount.** |

Please provide a brief description of the actions taken in response to the Data Security Incident and (b) the time associated with each action; (You may attach additional pages if necessary).

| |
| --- |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

| Signature:_____ | Date:_____ |
| --- | --- |
| Print Name:_____ | Your claim will be submitted to the Settlement Administrator for review.  If your  Reimbursement Form is incomplete, untimely, or  contains false information, it may be rejected by  the Settlement Administrator.  If your claim is  approved, you will be issued a payment using the email or street address you provide.  This process takes time; please be patient. |

**REIMBURSEMENT FORMS MUST BE POSTMARKED NO LATER THAN [PARTIES TO INSERT DATE] TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT [**Error! Hyperlink reference not valid.**]OR MAIL THIS CLAIM FORM TO [SETTLEMENT ADMINISTRATOR,  ADDRESS.]**

# Exhibit E

# Cash Payment and Credit Monitoring Form

## <u>CASH PAYMENT AND CREDIT MONITORING FORM</u>

Any Settlement Class Members may submit a claim for credit monitoring (including Settlement Class Members who submitted claims for economic losses or attested time). Any settlement member who did not submit a reimbursement for economic losses or attested time may submit a claim for a cash payment of $50. **<u>YOU DO NOT HAVE TO SHOW ANY FINANCIAL LOSS TO MAKE A CLAIM FOR A CASH PAYMENT OR OBTAIN CREDIT MONITORING UNDER THIS SETTLEMENT.</u>**

Additional information is contained in the Notice and the Settlement Agreement, both of which are available at www.INSERTWEBSITE.com or by calling 1-PHONENUMBER.

Settlement Class Members who wish to make a timely cash payment and/or receipt of Credit Monitoring related to the Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) a statement signed under penalty of perjury indicating that they are a member of the class.

Settlement Class Members must submit this documentation along with the form required below through the Settlement Website, or by mailing it to the following address:

SETTLEMENT ADMINISTRATOR
ADDRESS
ADDRESS

If you have any questions, call 1-PHONE NUMBER or go to www.INSERTWEBSITE.com for more information.

**Deadline:** All Claims must be submitted to the Settlement Administrator on or before **<u>DATE</u>**.

**<u>CLAIMAINT INFORMATION</u>**
**Please Type or Print in the Boxes Below**

First Name                     MI          Last Name

Mailing Address (Street, PO Box, Suite or Office Number)

City                                                                State              Zip Code

**<u>Additional Information</u>**

Last Four Digits of Social Security Number

Email Address (optional)

Telephone Number (optional)

I declare under penalty of perjury that:

☐   I provided my personal information to Hometrust Mortgage

| | |
|---|---|
| Signature:_____<br><br><br>Print Name:_____ | Date:_____<br>Your claim will be submitted to the Settlement Administrator for review.  If your  Cash Payment or Credit Monitoring Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator.  If your claim is approved, you will be issued a payment using the email or street address you provide.  This process takes time;  please be patient. |

**CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [PARTIES TO INSERT DATE] TO BE ELIGIBLE FOR PAYMENT OR RECEIPT OF CREDIT MONITORING SERVICES.  FILE ONLINE AT INSERT OR MAIL THIS CLAIM FORM TO [SETTLEMENT ADMINISTRATOR,  ADDRESS.]**

# EXHIBIT F

# Proposed Preliminary Approval Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CONNIE YUAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMETRUST MORTGAGE CO.,<br><br>Defendant. | Case No. 1:22-cv-01355-DII<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Connie Yuan, individually and on behalf of the Settlement Class ("Plaintiffs"), and Defendant Hometrust Mortgage Company ("Hometrust") (collectively, the "Parties") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, and good cause having been shown, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Action, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court finds that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible

1

approval; (ii) the Agreement has been negotiated in good faith at arms'-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.  Therefore, the Court finds preliminarily that it is likely to be able to approve the proposed Settlement pursuant Rule 23(e)(2) of the Federal Rules of Civil Procedure and grants preliminary approval of the Settlement.

4.    The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons whose personal information was exposed or potentially exposed to unauthorized access or acquisition as a result of an Incident affecting Hometrust's computer network that occurred in or around July of 2022.

5.    The Court appoints Kendall Law Group, Turke & Strauss, LLP, and Meyer Wilson Co., LPA, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

6.    The Court hereby appoints Connie Yuan as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.    The Court approves the proposed plan for giving notice to the Settlement Class (i) directly (via Mail Notice using postcard and via Email to the extent Email information exists); and (ii) via Website Notice by establishing a Settlement Website (collectively, the "Class Notice"), as more fully described in the Agreement.  The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Class Notice no later than **[DATE]**, in accordance with the terms of the Agreement.

8.    On **[DATE]**, at the United States District Court for the Western District of Texas, Austin, TX Courthouse, 501 West 5th Street, Suite 7300, Austin, TX 78701, or at such other date, time and place (including by videoconference) later set by Court Order, this Court will hold a Final

Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Plaintiff's application for attorneys' fees and expenses, and incentive award to the Class Representative, should be granted, and in what amount.  No later than **[DATE]**, Class Counsel must file papers in support of their application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **[DATE]**, which is fourteen (14) days before the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so by no later than **[DATE]**.  The Court may continue the Final Approval hearing from time-to-time without further notice to the Settlement Class Members.

9.      Pursuant to the Settlement Agreement, Hometrust shall cause the Settlement Administrator to provide notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).  Not later than **[DATE]**, which is fourteen days before the Final Approval Hearing, the Settlement Administrator shall file a declaration with the Court stating that it has provided the notice required under CAFA.

10.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[DATE]**, which are both forty-five (45) days after the Notice Deadline. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

11.     To submit a Request for Exclusion (or opt-out), Settlement Class Members must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must clearly manifest the intent to be excluded from the Settlement Class and must be signed by the Settlement Class Member.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that

3

Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

12.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

13.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Settlement.

14.     To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written Objection with the Court and mail to Class Counsel and Defense Counsel as set forth in the Agreement by the Objection Deadline.  In the written Objection, the Settlement Class Member must state (1) the name of the Action; (2) the objector's full name, address, telephone number; (3) a statement of the basis on which the objector claims to be a Settlement Class Member; (4) a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (5) the identity of all counsel, if any, representing the objector, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application; (6) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing; (7) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (9) a list by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person or entity) has filed an objection to any proposed class action settlement within the last 3 years; (10) a list by case name, court, and docket number, of all other cases in which the objector has been named a plaintiff

4

in any class action or served as a lead plaintiff or class representative; and (11) the objector's signature signed under oath and penalty of perjury or, the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). No Objection will be valid unless all of the information described above is included. The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

15.     Any Settlement Class Member who fails to timely object to the Settlement in the manner described in the Class Notice and in accordance with this Order, shall not be permitted to object to the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or Agreement by appeal or other means, shall be deemed to have waived his or her objections, and shall be forever barred from making any such objections in the Action.

16.     Any Settlement Class Member who has timely filed and served an Objection may appear at the Final Approval Hearing, either in person (or virtually, if the hearing is not conducted in person) or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

17.     All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Settlement, whether favorable or unfavorable to the Settlement Class.

18.     Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[DATE]**<br><br>[no later than 30 Days after the date of this order] | Notice Deadline (Settlement Administrator shall send Mail Notice by this date and shall establish the Settlement Website by no later than the posting of the Mail Notice). |
| **[DATE]**<br><br>[no later than 14 Days before the Objection Deadline] | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award. |

| [DATE]<br><br>[no later than 45 Days after the Notice Deadline] | Deadline for Class Members to file Objections or submit Requests for Exclusion; Deadline for Class Members to submit Claims |
|---|---|
| [DATE]<br><br>[7 Days after Claims Deadline] | Deadline for Settlement Administrator to provide Class Counsel with a declaration that Class Notice has been disseminated, identifying the number of Requests for Exclusion, and the number of Claims received to date. |
| [DATE]<br><br>[no later than 14 Days Before the Final Approval Hearing] | Deadline for the Settlement Administrator to file a Declaration with the Court affirming that it has provided notice pursuant to CAFA. |
| [DATE]<br><br>[no later than 14 Days Before the Final Approval Hearing] | Deadline for Plaintiff to file Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| [DATE], at [TIME]<br><br>[Not earlier than 100 Days after Notice Deadline] | Final Approval Hearing |

18.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Hometrust, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Judgment.

19.     If the Settlement is not approved or consummated for any reason whatsoever, the

Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Hometrust or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20.    Pending the final determination of whether the Settlement should be approved, each Settlement Class Member is hereby enjoined from filing any class action, individual action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

21.    Pursuant to the Agreement, Kroll is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

22.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

It is so ORDERED, this the _____ day of XXXXX, 2023.

_____

JUDGE

7