**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CONNIE YUAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMETRUST MORTGAGE CO.,<br><br>Defendant. | Case No. 1:22-cv-01355-DII |

# [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Connie Yuan, individually and on behalf of the Settlement Class ("Plaintiffs"), and Defendant Hometrust Mortgage Company ("Hometrust") (collectively, the "Parties") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, and good cause having been shown, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Action, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on that evaluation, the Court

finds that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms'-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court finds preliminarily that it is likely to be able to approve the proposed Settlement pursuant Rule 23(e)(2) of the Federal Rules of Civil Procedure and grants preliminary approval of the Settlement.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons whose personal information was exposed or potentially exposed to unauthorized access or acquisition as a result of an Incident affecting Hometrust's computer network that occurred in or around July of 2022.

5. The Court appoints Kendall Law Group, Turke & Strauss, LLP, and Meyer Wilson Co., LPA, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

6. The Court hereby appoints Connie Yuan as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court approves the proposed plan for giving notice to the Settlement Class (i) directly (via Mail Notice using postcard and via Email to the extent Email information exists); and (ii) via Website Notice by establishing a Settlement Website (collectively, the "Class Notice"), as more fully described in the Agreement. The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Class Notice no later than **[DATE]**, in accordance with the terms of the Agreement.

8. On **[DATE]**, at the United States District Court for the Western District of Texas, Austin, TX Courthouse, 501 West 5th Street, Suite 7300, Austin, TX 78701, or at such other date,

time and place (including by videoconference) later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Plaintiff's application for attorneys' fees and expenses, and incentive award to the Class Representative, should be granted, and in what amount.  No later than **[DATE]**, Class Counsel must file papers in support of their application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **[DATE]**, which is fourteen (14) days before the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so by no later than **[DATE]**.  The Court may continue the Final Approval hearing from time-to-time without further notice to the Settlement Class Members.

9. Pursuant to the Settlement Agreement, Hometrust shall cause the Settlement Administrator to provide notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).  Not later than **[DATE]**, which is fourteen days before the Final Approval Hearing, the Settlement Administrator shall file a declaration with the Court stating that it has provided the notice required under CAFA.

10. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[DATE]**, which are both forty-five (45) days after the Notice Deadline. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

11. To submit a Request for Exclusion (or opt-out), Settlement Class Members must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must clearly manifest the intent to be excluded from the Settlement Class and must be signed by the Settlement Class Member.  No

Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

12. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

13. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Settlement.

14. To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written Objection with the Court and mail to Class Counsel and Defense Counsel as set forth in the Agreement by the Objection Deadline. In the written Objection, the Settlement Class Member must state (1) the name of the Action; (2) the objector's full name, address, telephone number; (3) a statement of the basis on which the objector claims to be a Settlement Class Member; (4) a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (5) the identity of all counsel, if any, representing the objector, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application; (6) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing; (7) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (9) a list by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person or entity) has filed an objection to any proposed class action settlement within the last 3 years; (10) a list by case

name, court, and docket number, of all other cases in which the objector has been named a plaintiff in any class action or served as a lead plaintiff or class representative; and (11) the objector's signature signed under oath and penalty of perjury or, the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).  No Objection will be valid unless all of the information described above is included.  The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

15. Any Settlement Class Member who fails to timely object to the Settlement in the manner described in the Class Notice and in accordance with this Order, shall not be permitted to object to the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or Agreement by appeal or other means, shall be deemed to have waived his or her objections, and shall be forever barred from making any such objections in the Action.

16. Any Settlement Class Member who has timely filed and served an Objection may appear at the Final Approval Hearing, either in person (or virtually, if the hearing is not conducted in person) or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

17. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Settlement, whether favorable or unfavorable to the Settlement Class.

18. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| [no later than 30 Days after the date of this order] | Notice Deadline (Settlement Administrator shall send Mail Notice by this date and shall establish the Settlement Website by no later than the posting of the Mail Notice). |
| | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award. |

| | |
|---|---|
| [no later than 14 Days before the Objection Deadline] | |
| [no later than 45 Days after the Notice Deadline] | Deadline for Class Members to file Objections or submit Requests for Exclusion; Deadline for Class Members to submit Claims |
| [7 Days after Claims Deadline] | Deadline for Settlement Administrator to provide Class Counsel with a declaration that Class Notice has been disseminated, identifying the number of Requests for Exclusion, and the number of Claims received to date. |
| [no later than 14 Days Before the Final Approval Hearing] | Deadline for the Settlement Administrator to file a Declaration with the Court affirming that it has provided notice pursuant to CAFA. |
| [no later than 14 Days Before the Final Approval Hearing] | Deadline for Plaintiff to file Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| ]<br><br>[Not earlier than 100 Days after Notice Deadline] | Final Approval Hearing |

18. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Hometrust, or the truth of any of the claims, and evidence relating to the

6

Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Judgment.

19.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Hometrust or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20.     Pending the final determination of whether the Settlement should be approved, each Settlement Class Member is hereby enjoined from filing any class action, individual action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

21.     Pursuant to the Agreement, Kroll is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

22.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

**It is so ORDERED**, this the _____ day of ____, 2023.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE